COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER REGARDING RECORD AND BRIEFING

Appellate case name:        Korey Adeleye v. The State of Texas
Appellate case numbers:     01-10-00879-CR; 01-10-00880-CR; 01-10-00881-CR;
                            01-10-00882-CR
Trial court case numbers:   1212111 & 1212112
Trial court:                337th District Court of Harris County

A review of the record and the briefs in these appeals has identified issues that need to be addressed.

In the first issue in his brief, Appellant contends that he received ineffective assistance of counsel at the adjudication hearing, which occurred on March 23, 2010. However, there is no reporter's record from that hearing contained in the record. The Clerk's Office of this Court has contacted the court reporter regarding the record from the adjudication hearing. The court reporter has stated that she will be filing the reporter's record from the adjudication hearing with the exhibits to follow.

Because no reporter's record has been filed for the adjudication hearing, Appellant's brief discusses what occurred at the hearing to support his ineffective assistance of counsel argument but has no citation to the record to support that argument. *See* TEX. R. APP. P. 38.1(i) (indicating that brief must support argument with citation to record).

In light of the fact that the court reporter will be filing the record for the adjudication hearing, Appellant is hereby given the opportunity to re-brief to allow Appellant's brief to comply with the Rules of Appellate Procedure. Thus, Appellant's brief in the above-referenced appellate cause numbers is ordered stricken.

**Appellant's new brief should be filed with the Clerk of this Court 30 days after the reporter's record for the adjudication hearing is filed.**

**Any response brief filed by the State should be filed with the Clerk of this Court 30 days after Appellant files his brief.**

We also note that Appellant has informed this Court that his brief should be filed under all four appellate cause numbers. However, appellate cause numbers 01-10-00879-CR and 01-10-00880-CR are assigned to the appeals from the trial court's denial of Appellant's request for habeas relief. A review of Appellant's brief reveals no discussion or argument regarding the denial of the habeas relief and does not state why the trial court erred in denying the relief.

When he files his new brief, Appellant is requested to specify issues regarding his challenge to the denial of habeas relief and to support those issues with argument and with citation to the record and to legal authority.  *See* TEX. R. APP. P. 33.1, 38.1(i).  Appellant may file one brief for all four appeals, if he chooses, but must make clear which arguments and issues apply to his appeals from his conviction and which apply to his appeals from the trial court's denial of habeas relief.

In his "Notice of Appeal on Writ," filed in the trial court on October 1, 2010, Appellant states that the trial court's actions may have rendered his appeals regarding the denial of his request for habeas relief moot.  Appellant is requested to address this issue in his briefing, in addition to any substantive reasons why denial of habeas relief was in error and why the judgments of conviction should be reversed.

   It is so **ORDERED**.


Justice's signature:  /s/ Lara C. Higley
       &#8864;  Acting individually

Date: June 25, 2012